UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAROL J. GODDARD, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 1:14-cv-1758-WTL-DML** |
| vs. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| *Commissioner of the* | ) | |
| *Social Security Administration,* | ) | |
| | ) | |
| **Defendant.** | ) | |

*PLAINTIFF'S REPLY BRIEF IN SUPPORT OF COMPLAINT FOR JUDICIAL REVIEW*

I.   THE ALJ'S FINDINGS AT STEP II ARE NOT SUPPORTED BY SUBSTANIAL EVIDENCE OF THE RECORD.

While the Defendant makes a blanket claim that the ALJ's findings are supported by the substantial evidence of record, noting "In short, the ALJ did not err at step two of the sequential evaluation process because she proceeded to the next step of the process. *See Curvin*, 778 F.3d at 648; *Castile v. Astrue*, 617 F.3d 923, 926-27 (7th Cir. 2010)." (Def. Br. p. 3)

The Defendant's reliance on *Curvin* is misplaced.  Because an ALJ must proceed with step three of the sequential evaluation process upon the finding of at least one severe impairment does not mean that the ALJ cannot otherwise err at Step II.  *Curvin* even indicates that "The rule requires a careful evaluation of symptoms when making " [a] determination that an individual's impairment(s) is not severe." Id. (emphasis added). In other words, if an individual's impairment does not appear from the objective medical evidence to be severe, **the ALJ must then consider the limitations and restrictions caused by the individual's symptoms**." (emphasis added)

*Curvin v. Colvin*, 778 F.3d 645, 648 (7th Cir. 2015).  This is one of the areas in which the ALJ erred.   The ALJ failed to consider the restrictions and limitation of the claimant's non-severe impairments.

> **A.      ALJ could not have considered all of the plaintiff's limitation and restrictions caused by the claimant's severe and non-severe impairments because the ALJ failed to consider all of the claimant's medically determinable impairments.**

Rather than explain why the ALJ failed to consider the explain why the ALJ failed to mention all of the claimant's medically determinable impairments at Step II, the Defendant skirts the issue, stating "The ALJ further explained that Plaintiff's non-severe impairments had been with her for years, had not previously limited her ability to work, and had not worsened since the alleged onset date (Tr. 17-18)" (Def. Br. p. 3).  This is actually a mischaracterization of the ALJ's statement regarding these impairments, the ALJ states "Thus, while the claimant has been diagnosed with these impairments in the past, I find that they do not affect the claimant's ability to perform basic work-related functions, and are therefore considered nonsevere."  (Tr. 17-18). The claimant makes the same flawed argument at Def. Br. p. 15, indicating "As an initial matter, Plaintiff failed to address the ALJ's finding that most of her alleged impairments pre-date her alleged onset of disability and were not shown to limit her ability to work in the past."

The Defendant's argument or inference that the plaintiff's impairments that they should be dismissed or ignored in their entirety or that they are not important because the diagnosis predates the alleged onset date and "had been with her for years" is absurd.  The Defendant would be hard pressed to find a claimant who acquired all of his or her impairments on the same day, a day which post-dated work activity, except in the event of an acute injury or event such as

2

a stroke or an accident resulting in amputation of limbs.   Like most claimants, the plaintiff has

impairments, such as osteoarthritis, which are progressive in nature.  Furthermore, this is

contrary to longstanding law which requires to ALJ to consider all of the claimant's severe and

non-severe impairments in combination.  While the Defendant may attempt to "muddy the water"

with post hoc arguments, the Defendant fails to address the issue at hand—THE ALJ HAS

FAILED TO MENTION RELEVANT IMPAIREMENTS.  **WHEN THE ALJ FAILS TO**

**MENTION RELEVANT IMPAIRMENTS, THE ALJ COULD NOT HAVE**

**CONSIDERED THE COMBINED IMPACT OF THOSE IMPAIRMENTS WHICH IS**

**REQUIRED; IN ASSESSING RFC AND THE RFC IS FUNDAMENTALLY FLAWED**

"an ALJ must consider the combined effects of all of the claimant's impairments, even those that

would not be considered severe in isolation." *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009).

See *Martinez v. Astrue*, 630 F.3d 693, 698 (7th Cir. 2011) ("Even if each problem assessed

separately were less serious than the evidence indicates, the combination of them might well be

totally disabling.").  Even where an ALJ states that she has considered the entire "combination of

impairments, " *Arnett v. Astrue*, 676 F.3d 586, 590 (7th Cir. 2012), a reviewing court may still

remand because the ALJ fails to mention relevant evidence or consider the combined impact of

all impairments taken together, id. at 591-94.

If not clear what evidence was considered or if a line of evidence was ignored, the ALJ's

decision is not supported by the **substantial evidence of the record**.  "We will uphold the

Commissioner's decision if it is supported by substantial evidence and is free of legal error. 42

U.S.C. § 405(g). Although this standard is generous, it is not entirely uncritical, *Clifford v. Apfel*,

227 F.3d 863, 869 (7th Cir. 2000), and where the Commissioner's decision lacks evidentiary

support or is so poorly articulated as to prevent meaningful review, the case must be remanded."

Steele v. Barnhart, 290 F.3d 936,941 (7th Cir. 2002).

The In her initial adult disability report, the plaintiff alleged disability due to fibromyalgia, chronic fatigue, IBS, depression, hands, transient ischemic attack (gray matter abnormality), chronic fatigue, fibromyalgia with constant pain, IBS (diarrhea alternating with constipation), blurred vision and glaucoma in her eyes, arthritis in her hands (especially in thumbs), depression, tension headaches, memory loss, and osteopenia (R. at 236).  By the time of the hearing, in addition to the impairments alleged in her adult disability report, the claimant also alleged abdominal cramping, anxiety disorder, back and neck pain (lumbarization of S1 and moderate degenerative changes of C6), changes in the subcortical white matter of the brain, major depressive disorder- moderate, recurrent, a childhood history of epilepsy, hand tenderness bilaterally, Thumb CMC joint pain and osteoarthritis, numbness and tingling of the hands, wrists pain (treatment included splinting of the wrist), hand tremors, migraine headaches, hearing deficit, ventral hernia, leukocytosis, lymphocytic colitis, sleep apnea, osteoporosis (including the lumbar spine), plantar fasciitis (R. at 307).  These impairments were discussed by the plaintiff at Pl. Br. p. 6-10 and are discussed in depth at Tr. 307-325.  It is unclear why the ALJ has chosen to ignore many of the claimant's medically determinable impairments, especially the claimant's difficulties with her hands.  The claimant underwent an x-ray of her wrist in 2005 which showed arthritic changes in her thumb capometacarpal joint (Tr. 524).  Increased pain and difficulties are noted at Tr. 524, 564, 659, 432, 390, 400, 402, 445, and 446.  While the objective medical diagnostic test (the x-ray at Tr. 524) evidence predates the alleged onset date, it cannot be ignored and would be expected to worsen given the degenerative nature of arthritis.   The ALJ

also fails to discuss the claimant's memory issues (as the claimant was found to have low average visual working memory and low average delayed memory.  (Tr. 390-391).  The plaintiff has been complaining of memory loss since 2007 (Tr. 565) and is further alleged at Tr. 82, 109, 236-237, 284 and so on.    Further, the claimant had an abnormal MRI (Tr. 456) and an MRI showing Nonspecific abnormal signal in the subcortical white matter dated May 19, 2011 ( Tr. 471).  The Defendant provides no justification for failing to not only mention, but to discuss these impairments, regardless as to whether or not the ALJ found them to be severe.   As such, the ALJ's decision is not supported by substantial evidence and must be reversed.

## II.   THE ALJ'S RFC IS FLAWED AS SHE FAILS TO CONSIDER ALL OF THE CLAIMANT'S IMPAIRMENTS IN HER RFC

The second item hugely significant that the Defendant fails to address in her response is the ALJ's failure to consider the Claimant's non-severe impairments in her RFC. While the defendant coins this in terms of "Plaintiff argues that the ALJ erred in finding that her mental impairments were not severe" (Def. Br. p. 3), and while this is true, the Plaintiff totally ignores the ALJ's err in her RFC determination.  The defendant again skirts the issue on p. 7 of Defendant's Brief under heading C.   The law is basic.  All medically determinable impairments, regardless of severity, must be considered when determining the RFC.  Most troubling of all is the ALJ's failure to consider the claimant's mental impairments.  The ALJ found that the claimant had mild restrictions of concentration, persistence, and pace, but failed to consider these in the RFC.  The ALJ failed to provide ANY restrictions based on the claimant's mental impairments and only provided for physical limitations in her RFC.  According to  *Craft v. Astrue* (see *Craft v. Astrue*, 539 F.3d 668, 676-678 (7th Cir. 2008)) this constitutes reversible

error and the case must be remanded; to wit:

> "When determining the RFC, the ALJ must consider all medically determinable impairments, physical and mental, even those that are not considered "severe." Id. § 404.1545(a)(2), (b), (c). Mental limitations must be part of the RFC assessment, because "[a] limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting, may reduce [a claimant's] ability to do past work and other work." Id. § 404.1545(c). (*Craft* at 676).

It is not enough for the ALJ to simply limit the claimant to "unskilled work."

> "The Social Security Administration has stated that where the claimant has the ability to understand, carry out, and remember simple instructions; respond appropriately to supervision, coworkers, and usual work situations; and deal with changes in a routine work setting, then an RFC of "unskilled" work would be appropriate. See 20 C.F.R. § 404.1545(c); SSR 85-15." (*Craft* at 677)

## III. CONCLUSION

The ALJ's decision contained errors of law and not supported by the substantial evidence of the record.  She fails to articulate the reasons for her findings and as such, the decision should be remanded.

Respectfully submitted this 22nd  day of  June, 2015.


 /s/ Jennifer M. Hess_____
Jennifer M. Hess, Counsel for the Plaintiff (#24227-49)
HESS & HESS
2000 E. 116th Street, Suite 106
Carmel, IN 46032
Telephone:     (317) 844-1377
Fax:             (317) 844-1408
Email: JenHessAtty@aol.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 22, 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.  Parties may access this filing through the Court's system.

Mr. Thomas E. Kieper, Esq.
UNITED STATES DISTRICT ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

\_\_/s/ Jennifer M. Hess_____
Jennifer M. Hess, Counsel for the Plaintiff


Jennifer M. Hess, Counsel for the Plaintiff (#24227-49)
HESS & HESS
2000 E. 116th Street, Suite 106
Carmel, IN 46032
Telephone:    (317) 844-1377
Fax:              (317) 844-1408
Email: JenHessAtty@aol.com
        Jen.Hess@HessAndHessLaw.com