UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CAROL GODDARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:14-cv-1758-WTL-DML |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S APPLICATION FOR FEES UNDER EAJA**

Following administrative denials of her applications for disability benefits, Plaintiff filed the instant civil action. On January 11, 2016, the district court entered judgment in favor of Plaintiff and remanded the matter to the agency for further proceedings. Plaintiff then filed a timely application for fees pursuant to the Equal Access to Justice Act (EAJA).

**DISCUSSION**

Plaintiff's fee request should be reduced because it is excessive. EAJA authorizes an award only of "reasonable" attorney fees and expenses, 28 U.S.C. § 2412(d)(2)(A), and it is Plaintiff's burden to prove that her fee request is reasonable. The district court obtains the initial reasonable fee amount by multiplying the number of hours reasonably expended by the inflation-adjusted statutory rate of $125/hour. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The court then excludes hours that were not "reasonably expended," such as those that are excessive, redundant, or otherwise unnecessary, considering factors such as the novelty and difficulty of the questions, the skill required to perform the legal service properly, and the customary fee. *Id.* at 434 n.9. An attorney must exercise billing judgment and should not obtain a windfall from the Government.

*See id.* at 434, 437 ("Hours that are not properly billed to one's client are also not properly billed to one's adversary pursuant to statutory authority."); *Spegnon v. Catholic Bishop of Chicago*, 175 F.3d 544, 552 (7th Cir. 1999) ("[I]n determining the number of hours 'reasonably expended' by counsel in the litigation, the court should ensure that counsel exercises 'billing judgment.'").

Here, the Commissioner requests that the Court exclude or reduce the following items in Plaintiff's fee petition:

| | | | |
|---|---|---|---|
| 10/27/14 Open and file online case in federal court | 2.1 | 188.6 | 396.06 |
| 2/28/2015 Begin review of transcript and begin drafting statement of case | 2.5 | 188.83 | 472.075 |
| 3/3/2015 Continue drafting statement of case and statement of facts | 5.5 | 188.83 | 1038.565 |
| 3/13/15 Prepare research and write Statement of the Case | 2.5 | 188.83 | 472.075 |
| 3/16/2015 Research issue of inability to afford treatment and what ALJ must consider and other issue | 4.2 | 188.83 | 793.086 |
| 6/8/2015 draft and file motion for extension of time | 1.9 | 188.83 | 358.777 |
| Reply brief | 13.7 | 188.83 | 2586.971 |
| | | | |

First, Plaintiff improperly seeks an attorney's fee for performing routine administrative tasks, such as sending a new client packet or opening a case in federal court. *See Garcia v. Colvin*, No. 12-27, 2014 WL 3849735, *2 (N.D. Ind. Aug. 5, 2014) (excluding the majority of time spent on clerical work); *Carson v. Astrue*, No. 11-636, 2012 WL 3562771, *2 (S.D. Ill. Aug. 17, 2012) (plaintiff not entitled to reimbursement for clerical tasks); *Simms v. Astrue*, 2009 WL 1659809, *8(N.D.Ind. June 12, 2009) (explaining that the prevailing party cannot recover attorney's fees for work that was clerical in nature); *Seamon v. Barnhart*, No. 05–13, 2006 WL 517631, *7 (W.D. Wis. Feb.23, 2006) (in a social security case analyzing the award of attorney's fees pursuant to the EAJA, the court found that the prevailing plaintiff's attorney was not entitled to fees for clerical tasks).

2

Second, Plaintiff's attorney indicated that she spent 8 hours preparing a Statement of the Case and Statement of Facts. However, these sections in Plaintiff's brief include standard material and are quite brief. *See* Dkt. 14 at 3-4. Moreover, Plaintiff's attorney prepared a similar summary of the facts at the administrative level. *See* Tr. 306-25. Because Plaintiff would likely balk at paying for duplicative and excessive hours, these claimed hours are not reasonable.

Third, Plaintiff's attorney claims to have spent significant hours researching issues that are routine in social security matters, such as the ALJ's obligation to consider a claimant's combined impairments or the need to consider a claimant's reasons for not seeking treatment prior to drawing a negative inference about the lack of treatment. *See* 20 C.F.R. § 404.1545(a); Social Security Rulings 96-70 and 96-8p. Plaintiff's counsel billed a different client 13.5 hours researching the issue of "reasons for lack of treatment" on March 16, 2015—the same day she claims she spent 4.2 hours researching the same issue in this case. *Compare* Dkt. 23-4, *with Poe v. Colvin*, No. 1:14-cv-01609 (S.D. Ind.), Dkt. 27-4 (filed Sept. 15, 2015). And Plaintiff's counsel submitted bills for similar research in another case just a few weeks after the claimed research in the instant matter. *See Whitcomb v. Colvin*, No. 1:14-cv-01793 (S.D. Ind.), Dkt. 25-4 (billing for research on April 11-12, 2015 on issues similar to those presented in this case). Thus, the claimed hours for research on standard issues are not reasonable, particularly in light of bills submitted in other cases.

Finally, it was excessive to spend 13.7 hours on a six-page reply brief. The reply largely reiterates the same arguments advanced in the opening brief, including block quotes copied and pasted from the latter. *Compare* Dkt. 14 at 10-11, *with* Dkt. 20 at 3, 5-6. Plaintiff's counsel did not use billing judgment in expending these alleged hours.

## **CONCLUSION**

For the foregoing reasons, the Commissioner respectfully requests that this Court reduce the attorney hours claimed in Plaintiff's petition for EAJA fees. If the Commissioner determines that Plaintiff has no debts subject to offset, she will honor a valid assignment agreement and direct to award to his counsel.

                                Respectfully submitted,

                                JOSH J. MINKLER
                                United States Attorney

                     By: s/ Kathryn E. Olivier
                                Kathryn E. Olivier
                                Assistant United States Attorney

Of Counsel:

KATHRYN CALDWELL
Acting Regional Chief Counsel, Region V
Social Security Administration

Eric Truett
Assistant Regional Counsel
200 W. Adams St., 30th Floor
Chicago, IL 60606

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of May, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Jennifer Michelle Hess
JenHessAtty@aol.com

and hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

NONE.

s/ Kathryn E. Olivier
Kathryn E. Olivier
Assistant United States Attorney

Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN   46204-3048
Telephone:   317-226-6333